UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEANNETTE FOWLER,                )                                                                        | |
|                                                        )                                                                        | |
|         Plaintiff,                         )                                                                        | |
|                                                        )                                                                        | |
|         v.                                        )                                                                        | CAUSE NO. 3:06-CV-276 CAN |
|                                                        )                                                                        | |
| SOUTH BEND POLICE          )                                                                        | |
| DEPARTMENT,                        )                                                                        | |
|                                                        )                                                                        | |
|         Defendant.                     )                                                                        | |

**OPINION AND ORDER**

On April 5, 2007, Fowler filed a motion for summary judgment. On April 10, 2007, the SBPD filed a motion for summary judgment. On May 4, 2007, Fowler filed a second motion for summary judgment that was identical to her first. On May 11, 2007, SBPD filed a motion to quash Fowler's second motion for summary judgment. The Court now enters its ruling on all pending matters in this case.

**I.     PROCEDURE**

On April 26, 2006, Plaintiff Jeannette Fowler (Fowler), proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that the South Bend Police Department had violated her Constitutional rights. On August 9, 2006, this Court entered a scheduling order that required the South Bend Police Department to send a notice to Fowler that it was filing a motion for summary judgment and the consequences of failing to respond pursuant to Kincaid v. Vail, 969 F.2d 594, 599 (7th Cir. 1992); Timms v. Frank, 953 F.2d 281, 285-286 (7th Cir. 1992), and Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982).

On March 8, 2007, the South Bend Police Department served a copy of its motion for summary judgment on Fowler, but the South Bend Police Department, at this point, had not filed

its motion for summary judgment with this Court (Doc. No. 24-7).  On that same day, the South Bend Police Department also filed the appropriate notice required by this Court's scheduling order.  On April 5, 2007, Fowler filed her motion for summary judgment with this Court.  On April 10, 2007, the South Bend Police Department filed its motion for summary judgment with this Court.  One of the documents attached to the South Bend Police Department's motion for summary judgment was Fowler's motion for summary judgment, which the South Bend Police Department interpreted to be a response to its original motion for summary judgment.

Local Rule 56.1(a) requires only that a party opposing the motion shall have 30 days from the day the party is served to file a response along with any accompanying evidence.  The purpose of the rule is to allow the other party an opportunity to be heard before a potential disposition of the case.  Even though all of the documents Fowler has filed are titled as motions rather than a response, it appears Fowler is simply responding to the South Bend Police Department's motion for summary judgment.  Regardless, Fowler has had and exercised her opportunity to be heard.  Therefore, this Court considers that these matters were fully ripe for review by April 10, 2007.

   A. <u>The South Bend Police Department's Motion to Quash</u>

Fowler filed a second motion for summary judgment on May 4, 2007.  After reviewing the substance of this motion, it appears that Fowler is merely submitting more facts in support of her original motion.  The South Bend Police Department  moved to strike this motion on May 11, 2007.  However, the South Bend Police Department  is entitled to summary judgment even after considering Fowler's filing of May 4, 2007.  Consequently, the South Bend Police Department's motion to quash is **DENIED AS MOOT** [Doc. No. 26].

**II.    ANALYSIS**

    A.    <u>Facts</u>

Fowler alleges that she has been falsely arrested, harassed, stalked, and illegally searched numerous times by the South Bend Police Department . (P.'s Compl. 5-6).  Fowler alleges that since September of 2005, she has been harassed to the point of fearing for her life (P.'s Compl. 7).  Fowler alleges she was targeted, stopped, and searched because of her past criminal violations and for the sole purpose of harassment (P.'s Compl. 8).  Fowler does not identify any individual police officers or name any John Doe officers.  Fowler does identify general traffic violations for which she has been cited (<u>Id</u>.).  She also identifies a number of times when either she, or a family member, was followed, stopped, questioned, or otherwise harassed (<u>Id</u>. at 9-11).  Generally, Fowler claims that she is the victim of a mass conspiracy orchestrated by the South Bend Police Department, and as a result, her Constitutional rights have been violated.

    B.    <u>Summary Judgment Standard</u>

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Lawson v. CSX Transp., Inc.</u>, 245 F.3d 916, 922 (7th Cir. 2001).  In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well to draw all reasonable and justifiable inferences in favor of that party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>King v. Preferred Technical Group</u>, 166 F.3d 887, 890 (7th Cir. 1999).  To overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials

contained in its pleadings. Rather, the nonmoving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Serv.s Co., 391 U.S. 253, 289 (1968)).

      C.     The South Bend Police Department's Motion for Summary Judgment

The South Bend Police Department is a municipality. Fowler alleges in this lawsuit that the South Bend Police Department violated her Constitutional rights. Therefore, Fowler's cause of action arises under 42 U.S.C. § 1983, and the South Bend Police Department can only be held liable pursuant to official policy and not on a respondeat superior theory. Monell v. Dept. of Social Serv.s, 436 U.S. 658, 690 (1978); Woods v. City of Michigan City, Ind., 940 F.2d 275, 277 (7th Cir. 1991).

To maintain suit against a municipality under §1983, a plaintiff must establish a "policy or custom" attributable to municipal policymakers. Monell, 436 U.S. at 691-94. An unconstitutional policy or custom may be established in three ways: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority. Palmer v. Marion County, 327 F.3d 588, 594-595 (7th Cir. 2003). Fowler does not allege the existence of an official rule or

standard authorizing the alleged unconstitutional conduct, nor does Fowler allege that the alleged constitutional injury was caused by a person with final policy-making authority.[1]  At best, Fowler seems to assert the presence of an improper custom.

For Fowler to establish a municipal policy so permanent and well settled as to constitute a "custom or usage" with the force of law, she must point to instances demonstrating a long-standing and widespread practice of Constitutional deprivation either acquiesced to or noticed by municipal policy makers.  See Roach v. City of Evansville, 111 F.3d 544, 549 (7th Cir. 1997).  Fowler presents numerous self-narrated allegations of her being stopped, searched, or followed by the police for what she deems to be illegal.  First, this Court cannot determine whether a Constitutional violation occurred.  Being stopped, interrogated, or searched by the police does not, *de facto*, equate to a Constitutional violation.  But assuming there has been a Constitutional violation, Fowler still fails to establish that the police activity is widespread so as to be considered permanent and settled.  Fowler's recanting of every instance in which she, one person, has been subject to police activity hardly constitutes a widespread practice.  No reasonable jury could find that the South Bend Police Department engaged in an inappropriate custom or usage of Constitutional violations on such skeletal allegations.  See e.g. Robles v. City of Fort Wayne, 113 F.3d 732, 737 (7th Cir. 1997) (finding that a plaintiff had failed to produce the substantial evidence necessary to establish the "widespread practice" necessary for municipal liability); Harris v. City of Marion, 79 F.3d 56, 59 (7th Cir. 1996) ("One incident cannot be bootstrapped into a pattern.").

---

[1] This Court reaches this conclusion because Fowler does not identify any specific express policy and she does not identify any decision making person, either generally or specifically.

Finally, in limited circumstances, liability may attach to the municipality where it fails to properly train. Palmquist v. Selvik, 111 F.3d 1332, 1344 (7th Cir. 1997). For failure to train liability, § 1983 liability will only arise when the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. Palmquist, 111 F.3d at 1344. Also, the deficiency in the training program must be closely related to the ultimate injury. Id.

Fowler does not specifically allege what aspect of the South Bend Police Department's training program is deficient. In fact, Fowler presents no evidence, even through her own oral statements, about the South Bend Police Department's training program. The focus of the failure to train inquiry must be on the program, not whether particular officers were not trained. Palmquist, 111 F.3d at 1345. Fowler presents no evidence or allegations regarding any training program with the South Bend Police Department. Furthermore, Fowler has presented no evidence to establish the causal connection between Fowler's alleged injury and the deficient training. Fowler's failure to identify a training deficiency and articulate causation to her injury makes summary judgment appropriate with regards to any claim she is making with regards to failure to train.

Even though this Court liberally construes *pro se* proceedings, "a lawsuit is not a game of hunt the peanut." Greer v. Bd. of Educ. of City of Chi., Ill., 267 F.3d 723, 727 (7th Cir. 2001). It is not this Court's duty to scour the record for a factual dispute. Essentially, Fowler's failure to submit any evidence, either in support of her own motion or in response to the South Bend Police Department's motion, dooms her claims and makes this case appropriate for summary judgment. Fowler, as the nonmoving party, must present sufficient evidence to show the

6

existence of each element of her case on which she will bear the burden at trial. <u>Celotex v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  Simply put, Fowler has failed to meet her burden.

### III. CONCLUSION

For the reasons stated, Fowler's motions for summary judgment is **DENIED** [Doc.s No. 23 & 25] and the South Bend Police Department's motion for summary judgment is **GRANTED** [Doc. No. 25].  Further, the South Bend Police Department's motion to quash is **DENIED AS MOOT** [Doc. No. 26].  The clerk is instructed to enter judgment in favor of the Defendant South Bend Police Department.

**SO ORDERED.**

Dated this 20th Day of June, 2007.

S/Christopher A. Nuechterlein<br>Christopher A. Nuechterlein<br>United States Magistrate Judge